**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:19-CR-14 (WLS) |
| ANTHONY LAMAR DYE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion "[f]or the retoractive [sic] Application of Amendment 782" filed on April 11, 2022. (Doc. 77.) Although Defendant references his Motion to Vacate pursuant to 28 U.S.C. 2255 which is pending before the magistrate judge (Doc. 73), Defendant appears to be seeking new relief in the instant motion. Specifically, Defendant asks for a two-level reduction based on Amendment 782 to the drug quantity-based guidelines at section 2D1.1 and in light of "United States v Higdon 11th Cir 2021." (Doc. 77.) The Government responded arguing that the motion is meritless because Defendant was sentenced for two counts under U.S.S.G. § 2K2.1, not § 2D.1.1, and that, in any event, Amendment 782 was effective and already reflected as applicable in the PSR when Defendant was sentenced in 2020.

The Court agrees with the Government. Because Defendant's offenses were grouped together and he was sentenced based on the higher offense level for possession of a stolen firearm, the offense level for Defendant's drug conviction was not the operative offense level at sentencing. Moreover, Amendment 782 became effective several years before Defendant

was sentenced in this case, and therefore, would not be applied retroactively for Defendant even if he were sentenced under § 2D1.1.[1]

Accordingly, because the Court has no basis to grant Defendant a sentence reduction under Amendment 782, Defendant's motion (Doc. 77) is **DENIED**.

**SO ORDERED**, this <u>10th</u> day of May 2022.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The portion of the brief cited by Defendant clearly states that Defendant waived his right to appeal except for, *e.g.*, "the right to file a modification of sentence in the even of an applicable *future* retroactive guidelines amendment." (Doc. 77-1 at 1) (emphasis added). Amendment 782 was an already existing amendment. The Defendant in *Higdon* was granted a reduction because he was sentenced in 2003, before Amendment 782 came into effect. *United States v. Higdon*, No. 2:03-CR-43-WKW, 2021 U.S. Dist. LEXIS 104335 (M.D. Ala. June 3, 2021).