IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ANTHONY LAMAR DYE, | : | |
| | : | |
| Petitioner, | : | |
| | : | <u>28 U.S.C. § 2255</u> |
| v. | : | Case No. 7:21-cv-78 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | Criminal Case No. |
| | : | 7:19-cr-14 (WLS) |
| Respondent. | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed on May 10, 2022 (Doc. 81). Therein, after determining that a hearing was unnecessary, Judge Langstaff reviewed and recommends denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 73) ("Motion to Vacate"). Petitioner's Motion to Vacate raised ineffective assistance of counsel and prosecutorial misconduct as bases for Petitioner's motion. While Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided the parties with fourteen days to file an objection, neither party did so. (*See* Docket; Doc. 81 at 11.) Thus, the Court reviews the Recommendation for clear error.[1]

---

[1] Section 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error.") A "proper" objection is one that is "specific." Fed. R. Civ. P. 72(b)(2). Where Plaintiff has not "articulated a legal ground for [an] objection," he is not entitled to a *de novo* review. *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On October 28, 2019, a two count Superseding Information (Doc. 35) was filed charging Petitioner with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One), and Possession of a Stolen Firearm in violation of 18 U.S.C. § 924(c) (Count Two). Also on October 28, 2019, Petitioner signed a Waiver of Indictment and pled guilty to Counts One and Two of the Superseding Information. (Docs. 36, 37, 38.)

The Draft and Final Presentencing Investigation Reports (Docs. 40 & 53) ("PSR") reflect that Petitioner's total offense level and criminal history category resulted a range of imprisonment of sixty-three (63) to seventy-eight (78) months. (PSR ¶ 59.) Petitioner filed an Objection (Doc. 41) asserting that the calculations in ¶ 19 (base offense level) and ¶ 42 (adding one point to his criminal history category) were incorrect. Both calculations were based on Petitioner's prior felony conviction for possession of cocaine and obstruction of an officer (with violence) in Lowndes County Superior Court, Docket No. 2012CR473. At the sentencing hearing, Defense Counsel argued that Petitioner does not have a prior conviction for a violent felony because he was placed on probation under Georgia's First Offender Act and had successfully completed the probation period and been exonerated of the prior conviction. The Court overruled the objection, finding that under the U.S. Sentencing Guidelines, the prior violent felony conviction was relevant to the calculation of Petitioner's range of imprisonment. (Doc. 69 at 17-18.)

After the Court's ruling on the written objection (Doc. 40) and upon further discussions with Petitioner and at Petitioner's request, his counsel orally raised an additional argument to support his objection that PSR paragraph 42 was incorrect. Rather than contending that he was exonerated of the obstruction of an officer (with violence), Petitioner asserted he was never convicted of that charge—but was acquitted of the charge of obstruction of an officer (with violence). (Doc. 69 at 20:24—24:2.) Petitioner relied on a Georgia Crime Information Center ("GCIC") report to support this argument. The GCIC report was not in the Court record. The information in the PSR was based on actual state court records, (Doc. 69 at 22:5—23:13.), and Petitioner's counsel stated that based on the records provided to her in discovery, the information in paragraph 42 of the PSR was correct. (Doc. 69 at 21:6—10.) The Court overruled this additional objection and on June 18, 2020, Petitioner was sentenced

2

to a total term of imprisonment of sixty-six (66) months followed by three (3) years of supervised release. (Doc. 57.) Judgment was entered on July 15, 2020. (Doc. 59.) Petitioner appealed his conviction. (Doc. 62.) The Eleventh Circuit Court of Appeals granted the Government's motion to dismiss the appeal and enforced Petitioner's waiver of his rights to appeal. (Docs. 58, 71.)

## II. PETITIONER'S MOTION TO VACATE AND THE RECOMMENDATION

Petitioner's Motion to Vacate was filed on June 30, 2021. The Government filed a response (Doc. 76) opposing the motion. In Grounds One and Three of his Motion to Vacate, the Petitioner asserts that his guilty plea was not entered into voluntarily and knowingly because of ineffective assistance of his counsel. In Ground One, Petitioner asserts his counsel misinformed him that his prior First Offender conviction could not or would not be used against him to enhance his sentence. (Doc. 73 at 4-5.) In Ground Three, Petitioner asserts his counsel was ineffective because she did not prevail when she argued against the sentence enhancement at his sentencing hearing. (Doc. 73 at 7-8, Doc. 73-2 at 1.) Petitioner contends he was under the belief that he would be sentenced to imprisonment for approximately thirty-three (33) to forty-one (41) months. (Doc. 73-2 at 1.)

With respect to the ineffective assistance of counsel issues in Counts One and Three, Judge Langstaff reviewed the Transcript (Doc. 68) of Petitioner's change of plea hearing (Doc. 81 at 7-8). Based on the colloquy between Petitioner and the Court and regardless of any alleged misinformation provided by Petitioner's counsel, Judge Langstaff found that Petitioner understood that the Court was not bound by the recommendation of either party, Petitioner swore that he understood the maximum penalties for each offense, and that the Court would make the ultimate determination regarding his sentence. (*Id.*) Judge Langstaff found that Petitioner had not established that he received ineffective assistance of counsel that would render his guilty plea involuntary or unknowingly entered. (*Id.* at 10.) Further, Judge Langstaff reviewed the Transcript (Doc. 69) of Petitioner's sentencing hearing at which his counsel unsuccessfully argued that Petitioner should not receive criminal history points for a prior First Offender conviction. (Doc. 81 at 9-10.) Judge Langstaff found that Petitioner failed to show that his counsel was ineffective merely because she did not prevail in making such

argument. (*Id.*) The Court finds no clear error in Judge Langstaff's findings that Petitioner's contentions of ineffective assistance of counsel in Counts One and Three do not support granting his Motion to Vacate.

In Ground Two, Petitioner contends that the Government failed to provide him with a complete and correct discovery package. He also appears to contend that his counsel was ineffective in Ground Two because at the sentencing hearing, when questioned by the Court, Petitioner's counsel agreed that the Government's record was correct as to paragraph 42 of the PSR. With respect to any allegations of prosecutorial misconduct by the Government, Judge Langstaff found that the Petitioner waived collateral attacks on his conviction and sentence in the plea agreement and that the only exception to that waiver was for ineffective assistance of counsel. (*Id.* at 10.) Petitioner's Plea Agreement provides:

> Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

(Doc. 37 at 5). However, per the Court's usual practice in its discussion with defendants at change of plea hearings, the Court advised Petitioner that:

> **THE COURT**: . . . under this agreement you are waiving or giving up your right to appeal directly or to collaterally attack any sentence that the Court might give based on your pleading guilty to Counts 1 and 2 under the plea agreement except under some very specific circumstances. First of all, you always have the right to appeal based on an allegation of ineffective assistance of counsel or an *alleged prosecutorial misconduct*. Do you understand that?
>
> **THE DEFENDANT**: Yes, Your Honor.

(Doc. 68 at 38:9—19 (emphasis added).) Ground Two of Plaintiff's Motion to Vacate states:

> **GROUND TWO:** Incomplete or Incorrect discovery package . . .
>
> *As I was going [through] my discovery package, I came across my criminal history[,] and I found that some charge was [acquitted] of in my past . . . .*[2] *The day of my sentencing I raised the fact[,] and my lawyer told the Judge that we noticed that there was an error. . . . that [was] when I found out that there [were] actual[ly] two types of records and the record I received, was GCIC records known to be state*

---

[2] Portions of Petitioner's handwritten Motion are unclear.

4

> records. *The Government had actual records to prove that I was convicted of such charge that I was [acquitted] on. My lawyer agreed that the record the [G]overnment had was correct.* I know when you plea it's consider[ed] to be [ ] knowingly and voluntarily. But when your criminal history background is incorrect and [G]overnment has control[ ] of your paperwork *I [feel] that I was force[d], coerced, and tricked into a plea agreement.* If my discovery package was correct and I would've had the actual records[,] I would have [gone] about my plea bargain or plea agreement a lot different with any kind of stipulation if [I] had the chance to and my sentencing might have been a lot different.

(Doc. 73 at 5-6; Doc. 73-2 (emphasis added).) Insofar as the Court can ascertain, Petitioner appears to believe that the Government withheld the GCIC report that Petitioner contends shows he was acquitted of the obstruction of an officer (with violence) charge in Case No. 2012CR473, and the discovery package provided only the court document showing the conviction. (Doc. 73-4 at 1-2.) As described by Petitioner's counsel at the sentencing hearing, Petitioner's "objection now is that when he went to trial [in Case No. 2012CR473] that he was not actually convicted of that charge [obstruction of an officer (with violence)] and that . . . is . . . an error in the documents." (Doc. 69 at 21:23—22-1.) Relying on the state court documents that were in the record and the agreement of counsel that paragraph 42 of the PSR accurately reflected the results of the charges brought against Petitioner in Case No. 2012CR473, the Court overruled Petitioner's verbal objection. (*Id.* at 21:11—24:2.)

In reviewing Ground Two in the Motion to Vacate, the Court notes that a GCIC report, whether provided to Petitioner's counsel or not, cannot supplant the actual final judgment of the state court. If the Petitioner believes that the state court judgment was incorrectly entered, he must address that matter with the state court. *See United States v. Medlock*, 12 F.3d 185, 189 (11th Cir. 1994) ("Our system of federalism does not envision federal sentencing courts sitting as open-door review boards at the beck and call of defendants who have failed to avail themselves of well-established procedures for direct appeal or habeas scrutiny."). The Court finds that Petitioner failed to establish any prosecutorial misconduct by the Government relating to any alleged withholding of documents that Petitioner contends show he was never convicted of the obstruction of an officer (with violence) charge. Petitioner further failed to show that his counsel was ineffective in presenting his argument that paragraph 42 of the PSR was incorrect because Petitioner had not been convicted of the obstruction of an officer (with violence) charge. Thus, the Court finds no clear error in Judge

Langstaff's findings that Petitioner's contentions of ineffective assistance of counsel in Count Two do not support granting his Motion to Vacate. The Court further finds, based on different and additional reasoning, that Petitioner's contentions of prosecutorial misconduct in Count Two do not support granting Petitioner's Motion to Vacate.

### III.   CERTIFICATE OF APPEALABILITY

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the applicant must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner failed to file an objection to Judge Langstaff's Recommendation of the denial of a certificate of appealability. After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court agrees with Judge Langstaff's Recommendation and **DENIES** Petitioner a certificate of appealability.

### IV.   CONCLUSION

Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 81) should be, and hereby is, **ACCEPTED**, **ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Petitioner's Motion to Vacate (Doc. 73) is **DENIED**. Additionally, the Court hereby **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 12th day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**